# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-CV-341 |
| | ) | |
| v. | ) | Judges _____ |
| | ) | |
| **$19,300.00 U.S. CURRENCY** | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Douglas J. Overbey, United States Attorney for the Eastern District of Tennessee, and Gretchen Mohr, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of $19,300.00 in U.S. currency (hereinafter "defendant property").

2. The United States of America seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(6) which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act.

## THE DEFENDANT *IN REM*

3. The defendant property is $19,300.00 in U.S. currency, which was seized by the Drug Enforcement Administration on April 1, 2019.

4. Custody of the defendant property was transferred to the United States Marshals Service. The defendant property is currently on deposit in an account under the control of the United States Marshals Service.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture of the defendant property occurred in this district. Upon the filing of this complaint, the plaintiff requests that the Clerk issue an Arrest Warrant *In Rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will execute the warrant upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## BASIS FOR FORFEITURE

8.  The United States of America seeks forfeiture of the defendant property pursuant 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and/or 846.

9.  Pursuant to 21 U.S.C. § 881(h), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

10. The facts and circumstances supporting the forfeiture of the defendant property are as follows:

    a)  Kelly Camp is a Task Force Agent (TFO Camp) of the Drug Enforcement Administration (DEA), and has been assigned to DEA for over 30 years. He is employed by the Metro Knoxville Airport Authority Safety Department, and has been employed there since 1986.

    b)  In the performance of his duties as a Task Force Agent, TFO Camp has conducted numerous investigations of federal and state violations involving illegal drugs. As such, he has been involved in the detection and investigation of federal narcotics violations, including the sale, distribution, importation, possession, and conspiracy to possess or sell and distribute various narcotics and controlled substances. He has received specialized training in narcotics enforcement from the DEA, and has kept himself abreast of narcotics enforcement efforts, case development, procedures, investigative techniques, and other standardized methods of investigation involving narcotics offenses during this time period. He has investigated many violations of state and federal narcotics statutes during the past 29 years in the Eastern District of Tennessee and elsewhere, and, as a result, has been successful in arrests and convictions of hundreds of individuals associated with narcotics distribution. He has also been involved in the execution of numerous search warrants dealing with the detection and investigation of federal

narcotics violations, including approximately 300 cash seizures at the Knoxville, Tennessee airport and Knoxville Greyhound Bus Station as well as highway interdictions. TFO Camp has received over 1,500 hours of airport, bus station, highway, and package interdiction training at various locations throughout the United States. As a result of these investigations and prosecutions, Agent Camp has become aware of various methods and techniques utilized by individuals within the Eastern District of Tennessee and elsewhere in order to sell and distribute various controlled substances. He has consistently kept himself abreast of various narcotics violators and has received intelligence from agents associated with the DEA, Federal Bureau of Investigation (FBI), Internal Revenue Service (IRS), TBI, and local law enforcement authorities located in the Eastern District of Tennessee and surrounding states.

   c) On April 1, 2019, at approximately 2:30 p.m., TFO Camp received a telephone call from Metropolitan Knoxville Airport Authority Officer Josh Helton (Officer Helton) that a male, Grigori Saakjan (Saakjan), was at the Knoxville Tennessee Airport at the Transportation Safety Authority (TSA) checkpoint with rubber-banded currency secreted throughout clothes in a small carry-on suitcase.

   d) Saakjan was flying to Los Angeles, California via Dallas/Ft. Worth on American Airlines. Pursuant to a criminal history check, TFO Camp learned that Saakjan had been arrested less than two weeks earlier, on March 20, 2019 in Los Angeles, California for felony possession of marijuana to sell or furnish.

   e) Saakjan advised Officer Helton that the reason he was carrying the currency was to purchase a home because it was very scenic in Knoxville. TFO Camp advised Officer Helton to detain the bag containing the currency and let Saakjan know he was free to leave. TFO Camp

arrived at approximately 2:45 p.m. and was accompanied by DEA Task Force Officer, Jami Hall (TFO Hall).

      f)      Saakjan gave consent for TFO Camp to look in the bag containing the currency. TFO Camp located straight-banded stacks of currency in a jacket and in several pockets of jeans in the bag. TFO Camp asked Saakjan if he had any more currency on his person. Saakjan pulled approximately two dollars from his right front pocket and told TFO Camp it was all the money he had. Saakjan told TFO Camp that the cash was acquired from the marble business. TFO Camp asked Saakjan if he had ever been arrested. Saakjan responded that he had never been arrested.

      g)      TFO Camp asked Saakjan in what area he had looked to buy a house. Saakjan stated in the Woodland Avenue area and because it was very nice there. Saakjan further stated that he had been in Knoxville for four nights and stayed with a guy named "Alex" who lives off Woodland Avenue but did not know Alex's last name. As a result of TFO Camp's many years of experience and drug related investigations in and around the Knoxville area, TFO Camp knows the Woodland Avenue area to be a high crime and high drug crime area.

      h)      TFO Camp advised Saakjan that TFO Camp knew about the felony arrest for marijuana in March, 2019. Saakjan then agreed he was arrested but had not served any time for the arrest yet. TFO Camp asked Saakjan for permission to search his person and Saakjan consented. TFO Camp found additional straight banded currency stacks in Saakjan's right and left sweater jacket pockets. As TFO Camp was searching Saakjan's person, Saakjan's phone rang and TFO Camp asked Saakjan for his consent to look at the texts on his phone. Saakjan consented and handed TFO Camp the phone while pushing the "Message" button for TFO

5

Camp. TFO Camp saw a text that said "750" and had two pictures showing marijuana. A picture was taken with an airport camera of the text and pictures.

 i) TFO Camp advised Saakjan that he was free to leave, but the currency would be seized by DEA as narcotics proceeds.

 j) A narcotic canine immediately alerted to the bag containing the currency as tainted with the odor of an illegal substance as trained.

## PERTINENT STATUTES

11. 21 U.S.C. § 841 states that "…it shall be unlawful for any person knowingly or intentionally – (1) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

21 U.S.C. § 846 states that "Any person who attempts to conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

12. 21 U.S.C. § 881(a)(6) provides for the civil forfeiture of "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

13. Additionally, 28 U.S.C. § 1355(b)(1)(A) states that "A forfeiture action or proceeding may be brought in – the district court for the district in which any of the acts or omission giving rise to the forfeiture occurred…"

14. Based on the facts and circumstances gathered during the investigation into Grigori Saakjan as presented above, the defendant property was seized from Grigori Saakjan in Alcoa, Tennessee at the McGhee Tyson Airport TSA checkpoint. The United States' investigation has determined that the defendant property was proceeds of drug-related violations

of 21 U.S.C. §§ 841 and/or 846 and is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

### CLAIM FOR RELIEF

15. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 14 above. The defendant property constitutes money derived from proceeds of drug-related violations of 21 U.S.C. §§ 841 and/or 846. The defendant property is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

### PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that:

(1) The Clerk issue a Warrant for Arrest *In Rem* for the defendant property;

(2) The defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(3) Notice of this action be given to all persons known or thought to have an interest in, or right against the defendant property; and

(4) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

J. DOUGLAS OVERBEY
United States Attorney

By: _____
GRETCHEN MOHR
NY Bar No. 5064704
Assistant United States Attorney
800 Market Street, Ste. 211
Knoxville, Tennessee 37902
(865) 545-4167
gretchen.mohr@usdoj.gov

7

## VERIFICATION

I, Kelly D. Camp, Task Force Officer with the Drug Enforcement Administration, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Drug Enforcement Administration and the Metropolitan Knoxville Airport Authority Safety Department.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this ___30th___ day of August 2019.

_____
Kelly D. Camp
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed to before me
this __30th__ day of August, 2019.

_Jeanette E. Sorey_
Notary Public

My Commission Expires: __10/30/2022__

8

| JS 44 (Rev. 09/11) | | CIVIL COVER SHEET | | |
|---|---|---|---|---|

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$19,300.00 U.S. CURRENCY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Blount**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gretchen Mohr, AUSA, 800 Market Street, Ste. 211
Knoxville, TN 37902, (865) 545-4167

Attorneys *(If Known)*
Peter S. Herrick, Esq., 4324 Bayshore Blvd., N.E.,
St. Petersburg, FL 33703 (727) 244-1600

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)

Brief description of cause:
Proceeds of violations of 21 U.S.C. §§ 846 and/or 841

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 09/03/2019
SIGNATURE OF ATTORNEY OF RECORD: s/Gretchen Mohr

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:19-CV-341** |
| v. | ) | |
| | ) | **Judges** _____ |
| **$19,300.00 U.S. CURRENCY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## WARRANT OF ARREST *IN REM*

TO: The United States Marshal for the Eastern District of Tennessee and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

The United States, by and through its United States Attorney, respectfully requests that the Clerk of the Court for the United States District Court for the Eastern District of Tennessee issue a Warrant of Arrest *in Rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. In support of its application, the United States of America states as follows:

On September 3, 2019, the United States filed a Verified Complaint *in Rem* in the above-referenced case, which alleges that the defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) in violation of 21 U.S.C. §§ 841 and/or 846. The defendant property is $19,300.00 in U.S. currency (hereinafter "defendant property').

The defendant property is currently in the possession of the United States. In these circumstances, the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(i) directs the Clerk of the Court to issue a warrant to arrest the property if it is in the government's possession, custody or control.

Supplemental Rule G(3)(c)(i) provides that the Warrant of Arrest *In Rem* must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest the defendant property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the property are presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon who copies were served and the manner employed.

IN WITNESS WHEREOF, I, John Medearis, Clerk of the United States District Court for the Eastern District of Tennessee, have caused the foregoing Warrant of Arrest *In Rem* to be issued pursuant to the authority of the Supplemental Rule G(3)(b)(i) and the applicable laws of the United States and have hereunto affixed the seal of the Court at Knoxville, Tennessee, this _____ day of September, 2019.

                                                              John Medearis
                                                               Clerk of the Court
                                                               United States District Court

By: _____
      Deputy Clerk

RETURN OF SERVICE

I hereby certify that I executed this warrant by serving _____ by

_____ on the \_\_\_\_\_ day of _____, 2019.

_____
United States Deputy Marshal
United States Marshals Service